UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONA,<br><br>        Plaintiff,<br><br>    v.<br><br>ABREU,<br><br>        Defendant. | Case No. 08-cv-03563-RMW   (HSG)<br><br>**ORDER DENYING APPLICATION FOR RENEWAL OF JUDGMENT**<br><br>Re: Dkt. No. 19 |

Pending before the Court is an application for renewal of judgment brought by Defendant Jose Abreu dba Intertel Communications ("Abreu"). Dkt. No. 19. The application seeks renewal of what Abreu characterizes as the Court's "February 13, 2009 Order Dismissing Appeal, the final judgment rendered herein." *Id.* at 1. As detailed in the application, the United States Bankruptcy Court for the Northern District of California ruled in favor of Abreu in the amount of $439,000 on July 9, 2008. *Id.*; *see also* Dkt. No. 1 at 8–41 (July 9, 2008 Order). Debtor Corrina Curiel Lona ("Lona") filed a notice of appeal from the Bankruptcy Court's ruling on July 22, 2008. *See* Dkt. No. 1 at 3–4. Lona ultimately filed a "withdrawal of appeal" on February 10, 2009, which the Court construed as a motion to voluntarily dismiss the appeal and then granted. Dkt. Nos. 17–18. The order granting Lona's motion to dismiss the appeal was signed February 12, 2009 and e-filed on February 13, 2009.

The law of the forum state controls the time limits applicable to the enforcement of a judgment. *See* Fed. R. Civ. P. 69(a)(1); *Matanuska Val. Lines, Inc. v. Molitor*, 365 F.2d 358, 359–60 (9th Cir. 1966). The forum state here is California, the law of which provides that a money judgment may not be enforced after the expiration of ten years following the date of entry of the judgment. Cal. Civ. Proc. Code § 683.020. To preserve the judgment's validity, California law

requires the submission of an application for renewal of a judgment within "10 years after the date of entry." *See id.* §§ 683.020, 683.110, 683.130.

Turning to Abreu's application, even accepting as true that the relevant date of entry is February 13, 2009, the application is untimely.[1] Abreu submitted the pending application on February 14, 2019, which is ten years and one day after February 13, 2009.[2] This is true even though Federal Rule of Civil Procedure 6(a) provides that courts ordinarily do not count the date of an order for limitations purposes. *See Ford v. Hubbard*, 305 F.3d 875 (9th Cir. 2002) (explaining that under Rule 6(a), the one-year deadline for April 24, 1996 was April 24, 1997), *amended and superseded on other grounds on denial of reh'g*, 330 F.3d 1086 (9th Cir. 2003).

For the foregoing reasons, Abreu has not complied with the pertinent requirements for application for renewal of judgment under California law. The Court thus **DENIES** Abreu's application for renewal of judgment. Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 3/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Abreu provides no case law or other explanation for why the Court's order granting Lona's motion to dismiss the appeal is the relevant "date of entry" for purposes of this application. The Court need not consider whether this is accurate, however, because Abreu's application appears untimely, irrespective of which date is proper.

[2] On February 20, 2019, the Court directed counsel for Abreu to submit a filing by February 28, 2019 that explains why the application is not untimely under California Code of Civil Procedure Section 683.130's ten-year limitation period. Dkt. No. 20. Abreu failed to respond.